# Ginley *v.* Ashley Borough, Appellant.

*Negligence—Boroughs—Sidewalk.*

In an action against a borough to recover damages for personal injuries alleged to have been sustained by a fall on a defective sidewalk, where the defendant introduces evidence to the effect that the sidewalk in question had been removed several weeks prior to the date of the accident, and this is denied by witnesses for the plaintiff, the case is for the jury, and a verdict and judgment for plaintiff will be sustained.

Argued April 9, 1906.   Appeal, No. 211, Jan. T., 1905, by defendant, from judgment of C. P. Luzerne Co., Jan. T., 1904, No. 169, on verdict for plaintiff in case of Anthony Ginley and Sarah Ginley v. Ashley Borough.   Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before LYNCH, P. J.

The court charged in part as follows:

[The defense is that at the time this plaintiff states she fell and was hurt, the planks had been removed from the walk and instead of being a board walk was an ash walk ; that the boards had been removed in the early part of July.   It does not matter whether it was in the early part or middle part, the substantial thing is the defendant claims they had been removed before Mrs. Ginley states she fell.

\*     \*     \*     \*     \*     \*     \*     \*

It is evident if no board walk was there at the time this woman testified she fell, she should not have a verdict.

\*     \*     \*     \*     \*     \*     \*     \*

She bases her claim squarely upon the ground that she was walking upon a rotten board sidewalk, the board gave way without notice and without her knowledge of its condition and she was precipitated into the hole and thus injured.   The defense is that there was no board sidewalk there.   You judge of the character, bias, interest, if they have any, of witnesses, whether they told you the truth and the whole truth without reserve.   It is your duty to reconcile all the testimony if you can.   If you cannot, then you have a right to believe whom you will.]

Verdict and judgment for plaintiff, for Anthony Ginley for $700.00 and for Sarah Ginley for $2,500.00.   Defendant appealed.

*Error assigned* among others was portion of charge as above, quoting it.

*Charles E. Keck*, with him *Thomas W. Hart*, for appellant.

*Frank McCormick*, with him *R. J. Dever*, for appellee.

OPINION BY MR. JUSTICE ELKIN, April 30, 1906:

At the trial the defendant borough offered testimony to show that the board walk, which the plaintiffs claim was not properly maintained, by reason of which negligence Mrs. Ginley was injured, had been removed several weeks prior to the date of the accident. It was, therefore, earnestly contended that the accident could not have resulted from defects in the board walk, when in point of fact no such walk existed. This is the disputed fact in the case. The plaintiffs, on the other hand, produced witnesses who testified that the board walk was there at the time of the accident. There being a substantial dispute about this question, and the testimony being contradictory in reference to same, it was a question of fact for the jury to determine.

We have carefully read the charge of the learned trial judge, reviewed the testimony and considered the assignments, but have not been convinced that there is anything amounting to reversible error in the case. No points were submitted by either side and the trial judge left the whole question to the jury in a fair and impartial charge. This was a case for the jury and we see no reason to disturb their finding.

Judgment affirmed.